## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**IVETTE MARA**
**GABRIEL-RODRIGUEZ, et al.,**
**Plaintiffs**

**v.**                                              **CIVIL NO. 05-1558(DRD)**

**HOSPITAL DOCTOR'S CENTER**
**DE MANATI, et al.,**
**Defendants**

### ORDER NOTING PROBABLE JURISDICTION

Pending before the Court is the defendants, Barceloneta Primary Health Services, Inc., d/b/a Atlantic Medical Center, and Dr. Hector Velez Barrientos' *Notice of Removal* (Docket No. 1). On June 24, 2005, the undersigned ordered the movants to show cause as to why the Court had jurisdiction over the instant matter addressing why the Court should not deem the defendants' right to remove had been waived for their failure to request the removal within the statutory term provided by 28 U.S.C. §1446.  The defendants have duly complied in a timely fashion.

The defendants sustain that the Court has jurisdiction to grant the notice of removal and that its right to file a notice of removal has not been waived upon the following grounds: 1) the notice of removal was filed within the statutory term provided under 28 U.S.C. §1446; 2) the Court has exclusive jurisdiction over civil claims seeking money damages resulting from injury or loss of property caused by the negligent or wrongful acts or mission of any government employee under the Federal Tort Claims Act, (FTCA) 28 U.S.C. §1346; and  plaintiff did not move for remand within the thirty (30) days pursuant to 28 U.S.C. §1447(c).

It is well known that under the FTCA, the United States waives its sovereign immunity for "injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances

where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §1346(b).   Likewise, it is the law in this Circuit that federal courts have the exclusive jurisdiction of claims pursued under the FTCA. In re N-500L Cases, 502 F.Supp. 60, 63 (D.C. Puerto Rico 1980).  In its relevant parts, the FTCA provides that:

> [T]he [federal] district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, ... for injury ... caused by the negligent or wrongful act or omission of any employee ... while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. §1346(b).

An officer or an agency of the United States is vested with the right to remove a case to federal court by virtue of the Federal Officers or Agencies Removal Statute, which, in its relevant parts, provides that:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may ne removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office....  28 U.S.C. §1442(a)(1).

The plain statutory language shows that the right to remove a case from local state court may be exercised in any case in which the United States, any federal agency, any officer of the United States or of a federal agency, and any person acting under such an officer.  Specifically, the statute provides that: "the United States, any federal agency, and any officer of the United States or of any federal agency may remove a state civil action or a state prosecution brought against them".  *See*, Mesa v. California, 489 U.S. 121, 136, 109 S.Ct. 959 (1989).  The removal authority may be

exercised in any case in which the person vested with the right to remove is sued in an official or individual capacity for any act committed under the color of office or on account of any right, title, authority claimed under any federal legislation for the apprehension or punishment of criminals or the collection of revenue.  28 U.S.C.§1442(a)(1).  This broad language shows that there are some basic distinctions between the general removal statute (28 U.S.C. §1441) and the special right of federal agencies and officers to remove a case from local courts.  *See* Mir v. Fosburg, 646 F.2d 342, 244 (9th Cir. 1980).

Firstly, a federal agency and/or officer may remove to a federal court under this special removal provision both civil and criminal actions.  Secondly, there is no requirement that the pending state action be one that could have been originally filed in the federal courts. Lastly, and most critically, the officers removal statute does not require that the federal cause of action show from the face of the complaint rather, the state case is removable merely if there is a sufficient allegation that the defendant is an officer or an agency relying on a colorable substantive federal defense, and that the acts allegedly committed by the officer were performed under the color of office.  Mesa v. California, 489 U.S. at 128, 134-137, 139, 109 S.Ct. 959; Conjugal Partnership v. Conjugal Partnership, 22 F.3d 391, 396 (1st Cir. 1994).  Therefore, the officers removal statute provides undoubtedly a right of removal broader than the right encompassed by the general removal statute.

Moreover, in light of these broad distinctions between the officers removal statute and the general removal statute, the Court notes that the applicable caselaw has determined that some of the provisions within the latter are inapplicable to the former because federal officers sued for their acts under color of their office have an independent right to remove to federal courts.  For instance, in cases wherein there are other defendants besides the Government, the statute assures the right of the

Government's officers to have available a federal forum if the federal officer wishes to, regardless of whether the remaining defendants join in the removal petition. Akin v. Ashland Chem Co., 156 F.3d 1030, 1034 (10th Cir. 1998); Benitez-Bithorn v. Rossello-Gonzalez, 200 F.Supp.2d 26, 33 (D.C. Puerto Rico 2000).

However, the general removal statute in its relevant parts, provides that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, ..., of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then be filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, **a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable**... 28 U.S.C. §1446(b). (Emphasis ours.)

The goal of the federal removal statute is to allow a defendant to remove a case to a federal court if it presents a "claim or right arising under the Constitution, treaties or laws of the United States". 28 U.S.C. §1441(b). The statute contemplates two different scenarios in which a party may move for removal. Firstly, it is well settled law that in order for a suit to confer original or removal jurisdiction on federal courts, it must appear from the face of the complaint that the resolution of the case depends on a federal question. Brough v. United Steelworkers of America, AFL-CIO, 437 F.2d 748 (1st Cir. 1971). In other words, in order for the federal court's exercise of removal jurisdiction, the notice of removal must provide sufficient information providing the court grounds to assert whether removal jurisdiction exists. 14C Wright, Miller & Cooper, 3rd, Federal Practice and Procedure, Jurisdiction and Related Matters, §3733, p. 354 (1998). However, as stated previously, the exception is the officers removal statute which may include that the movant may raise a

substantive colorable federal defense. <u>Mesa v. California</u>, 489 U.S. at 128, 134-137, 139, 109 S.Ct. 959.

The first instant to assert the existence of federal jurisdiction depends on whether the initial pleading provides sufficient information from which to assert the jurisdiction. This means that the thirty days commence counting when the defendant receives the initial pleading. Notwithstanding, the statute provides that if the initial pleading does not state a federal claim, the thirty day time period to file for the removal will begin to run when further voluntary acts incurred by plaintiff indicates that federal jurisdiction does exist. <u>Barraclough v. ADP Automotive Claims Services</u>, 818 F.Supp. 1310 (D.C.Cal. 1993). Nevertheless, the statute provides that this voluntary act may be pursued through an amended pleading, motion, order or other paper from which it may be "first ascertained" that the case is one which has become removable.

The Court notes that the defendants in the instant case rely on the premise that the thirty (30) day to file the notice of removal commenced running at the time the individual defendants mailed to the U.S. Attorney's Office copy of the documents served at the state proceeding. Therefore, the defendants' argument to ascertain the jurisdiction of this Court rests in 28 U.S.C. §1446(b) providing that any "motion, order or other paper" may trigger a second thirty days period for a case to become removable and from which federal jurisdiction is ascertainable. Since the instant removal is pursued under the Federal Officers or Agencies Removal Statute, the undersigned deems that said "motion, order or other paper" should refer to documents from which it can be ascertained that the state case is removable only if there is a sufficient allegation that the defendant is an officer or an agency relying on a colorable substantive federal defense, and that the acts allegedly committed by the officer were performed under the color of office. <u>Mesa v. California</u>, 489 U.S. at 128, 134-137, 139, 109 S.Ct. 959; <u>Conjugal Partnership v. Conjugal Partnership</u>, 22 F.3d at 396.

The term "other paper" refers to papers generated within state proceedings specifically connected to the case to be removed and not other unrelated judicial opinions that might suggest removability.  Lozano v. G.P.E. Controls, 589 F.Supp. 1036 (D.C.Tex. 1995).  Notwithstanding, federal courts have concurred in accepting a wide array of documents within the scope of "the other"paper or motion referenced by the removal statute.  Sister courts have held that the time limit for filing a notice of removal is triggered when a writ of summons, praecipe, or complaint provides the defendant with adequate notice of federal jurisdiction, Foster v. Mutual Fire, Marine & Inland Insurance Co., 986 F.2d 48 (3rd Cir. 1996).  For example, the 30-day time period began when state court granted the motion to file cross-claim containing ERISA claims; until state court granted motion, there was no case or claim to remove, Crump v. Wal-Mart Group Health Plan, 925 F.Supp. 1214 (D.C.Ky. 1996); time limit triggered when plaintiffs filed motion for temporary restraining order, McClelland v. Gronwaldt, 909 F.Supp. 457 (E.D. Tex 1995); a motion for an order of sequestration will constitute a sufficient paper to trigger the thirty-day removal period, Groh v. Groh, 889 F.Supp. 166 (D.C.N.J. 1995); a motion to dismiss explicitly informing the court and an adverse party that a federal claim based on facts alleged in original complaint would be added initiated 30-day period, Neal v. Trugreen LTD. Partnership, 886 F.Supp. 527 (D.C. Md. 1995).

Likewise, other Courts have determined that the "other documents" provision provided by the removal statute include amongst others, letters from opposing counsel, correspondence between parties, affidavits, proposed jury instructions, answers to interrogatories, motions for summary judgment, and documents produced in discovery deposition testimony, all noticed after the complaint is filed.  Parker v. County of Oxford, 224 F.Supp. 2d 292, 294 (D.Me. 2002); Brinkley v. Universsal Health Serv., 194 F.Supp. 597, 599 (S.D.Tex. 2002).  Therefore, any document or "other paper" that provides certainty to defendant that a federal claim is lodged shall trigger the new thirty-day period

for previously unremovable cases to become removable.  As discussed *infra*, an amended complaint may provide further grounds to file successive removal requests.

However, it is well known, that a notice of removal suffers from procedural defects if said defects do not address the question of whether the case could originally have been filed in federal court, thus including all nonjurisdictional defects existing at the time of removal.   In re Allstate Ins.Co., 8 F.3d 219, 221 (5th Cir. 1993); Moore's Federal Practice, §107.41[1][a][ii], p. 107-186. Consequently, it has been held that a procedural defect is any defect relating to removal procedure. Armistead v. C & M Transp., Inc., 49 F.3d 43, 47 (1st Cir. 1995). Some examples of procedural defects in removal actions are: if removal is precluded by statute, **filing after the thirty day time period to file**, failure to join all defendants in the removal; failure to provide an explanation as to why co-defendants have not joined in removal, and defective allegations as to diversity.   Moore's Federal Practice, §107.41[1][c][ii][B], p. 107-188, -190 (Citations omitted).

The Government sustains that in the instant case the thirty (30) day term to file the notice of removal commenced to count when the state court defendant, to wit, Atlantic Medical referred the instant case to the United States Attorney's Office for proper prosecution.  Further, the defendants affirm that pursuant to the FTCA, the Government is the proper party defendant in the action pursued.  As stated previously, the defendants sustain that inasmuch as they were the party on whom process was served in the state proceedings, they are for all legal purposes an institution and an employee of the Federal Government however, the Government was never served in the state court's proceedings.  However, the Court notes that the Government has failed to provide any caselaw or statute supporting its position as to the time when the thirty (30) day term to file the notice of removal commenced running.  The solution rendered by the Government lends to abuse since an officer could technically wait an unreasonable time before notifying the governmental authorities

of the complaint.

As previously discussed, the removal of an action shall be performed within thirty (30) days of the notification that a federal claim has been asserted in the complaint, is a not curable procedural defect independent whether the other party has opposed the removal.  Moore's Federal Practice, §107.41[1][c][ii][B], p. 107-188, -190.  Notwithstanding, pursuant to the Officers Removal Statute the case is removable when a federal colorable defense may be asserted.  The Court notes that the defendants served at the state court proceedings should have been aware of the statutory provisions extending FTCA coverage for the type of claims that may be brought forth within said statute.  But the question remains, does the thirty (30) days term provided by the general removable statute applicable to the officers removal statute and when does it commence to run?

In Snowdon v. A.W. Chesterton Company, 366 F.Supp.2d 157 (D. Me. 2005) the Court faced a removal request under the federal officer removal statute on a claim against a government contractor.  The removal was filed on the twenty eighth day (28) after supplemental interrogatory responses were provided by plaintiff from which the defendant asserted that the case was removable because it was at said time that defendant could ascertain for the first time that the plaintiff's cause of action could have been caused by defendant's predecessor-in-interest.  The Snowdon court concluded that the removal had been timely filed (within the thirty (30) days) because the term commenced to run at the time the response to the interrogatory was provided.  The court concluded that plaintiff's response to the interrogatory was the first paper from which it could be ascertained that the case was removable although the defendant had raised the "government contractor defense" as an affirmative defense in its answer to the complaint.  As to the applicability of the thirty (30) day term to file a notice of removal under the officer removal statute, the same conclusions as the

Snowdon court has been reached by other sister courts.[1]  Therefore, it is a common conclusion amongst the sister courts to rule that the thirty (30) day term is applicable to the federal officer's removal statute.

The defendants' contention in the instant case is not to challenge the applicability of the thirty (30) day term but rather as to when does the term commences to run.  The Government sustains that the term commenced when it was notified by its client that the amended complaint was served upon them, to wit, May 16, 2005.  The defendants propose that said amended complaint falls within the meaning of "other documents" pursuant to 28 U.S.C. §1446(b) providing a new term in which the notice of removal may be filed.  However, although the premise proposed by the defendants seem to be sufficient to grant a new term for a removal, at the same time it omits that from that same document a federal colorable defense could have been raised.   However, the Court notes that the party was served process on September 20, 2004, that is, almost eight (8) months after a federal colorable defense could have been asserted.

The Court cannot avail the defendants' position mainly because it hangs from the proposition that the document sent by to counsel falls within the meaning of the "other document" provided by the federal statute removal in 28 U.S.C. §1446(b).  However, as explained before, for a document be considered "other document" within the meaning of the statute, it must be a document provided by plaintiff upon the defendant and not as in the instant case, a document provided by the Government's own client.  *See*,  Foster v. Mutual Fire, Marine & Inland Insurance Co., 986 F.2d 48 (3rd Cir. 1996); Parker v. County of Oxford, 224 F.Supp. 2d 292, 294 (D.Me. 2002); Brinkley v. Universsal Health Serv., 194 F.Supp.2d 597, 599 (S.D.Tex. 2002); Crump v. Wal-Mart Group

---

[1]  *See*, Ryan v. Dow Chemical Co., 781 F.Supp. 934 (E.D.N.Y. 1992); Good v. Armstrong World Industries, Inc., 914 F.Supp. 1125 (E.D. Pa. 1996); Gilberg v. Stepan Co., 24 F.Supp.2d 325 (D.N.J. 1998); Green v. A.W. Chesterton Company, 366 F.Supp.2d 149 (D.Me. 2005).

Health Plan, 925 F.Supp. 1214 (D.C.Ky. 1996); McClelland v. Gronwaldt, 909 F.Supp. 457 (E.D. Tex 1995);  Groh v. Groh, 889 F.Supp. 166 (D.C.N.J. 1995); Neal v. Trugreen LTD. Partnership, 886 F.Supp. 527 (D.C. Md. 1995) Lozano v. G.P.E. Controls, 589 F.Supp. 1036 (D.C.Tex. 1995).

When a defect in the notice of removal is fundamental, several court have held that the notice of removal may not be untimely amended.  *See* Conticommodity Services, Inc. v. Lemme, Slip Op. No. 82 Civ. 6930 (CBM)(S.D.N.Y. March 3, 1983); Jacobs v. District Director of Internal Revenue, 217 F.Supp. 104, 105-106 (S.D.N.Y. 1963).  In turn, should the defect be labeled as "technical" and the notice contains averments reflecting an imperfect attempt to show jurisdiction, the trial court is vested with the authority to allow untimely amendments to the notice of removal.  *See* 14A Wright, Miller & Cooper, Federal Practice & Procedure, Jurisdiction, §3733.  "Likewise, *pro forma* defects cannot suffice to deprive a party of a plain entitlement to a federal forum".  CBS, Inc. v. Snyder, 762 F.Supp. 71, 74 (S.D.N.Y. 1991)(citations omitted).

However, in the instant case it is evident that the defendants failed to file its notice of removal within the thirty (30) day term from the date the federal colorable defense could have been raised.  Nonetheless, the defendants sustain that plaintiff's failure to request a remand to the state court amounts to a waiver of any procedural defect, to wit, failing to file the notice of removal from the first time the federal colorable defense could have been raised.  The Court has examined the defendants arguments and concludes that although their position has not been fully developed, should an opposing party timely fail to raise any procedural defect in the notice of removal within thirty days of such notice amounts to a waiver of such defect.  The Court explains.

As stated previously, failure to file a notice of removal within the thirty days from when it is first ascertained that a federal claim does exists is a procedural defect.  Wilson v. General Motors Corp., 888 F.2d 779, 781 (11th Cir. 1989).  However, several sister courts have held that failure to

move for remand within the time provided by §1447(c) amounts to waiving any procedural defect suffered by the notice of removal.[2]   However, "absent a finding of a waiver or estoppel, federal courts rigorously enforce the statute's thirty day filing requirement." Somlyo v. J. Lu-Rob Enterprises, Inc., 932 F.2d 1043, 1045 (2nd Cir. 1991).   Hence, an untimely motion for removal is a jurisdictional defect and not a jurisdictional defect which may be waived should the affected party fail to move for remand within the thirty days period provided by U.S.C. 1447 (c).   The Court follows the other sister courts that have addressed the issue previously and rules that because plaintiffs failed to move for remand within the time provided by statute, plaintiffs have waived any procedural defect that defendants notice of removal suffered, to wit, failure to file the notice of remand within the thirty day provided by §1446(b).

In sum, the Court rules that the thirty days term provided by 28 U.S.C. §1446(b) is applicable to the Federal Officers or Agencies Removal Statute hence the notice of removal must be filed within said term.   However, since failure to file the notice of removal constitutes a procedural defect and not a jurisdictional defect, plaintiffs' failure to move for remand within the thirty days provided by 288 U.S.C. §1447(c) amounts to a waiver of said procedural defect.   Consequently, the Court retains jurisdiction.

Finally, the Court notes that the Government has submitted a *Memorandum of Law in Support of Motion to Dismiss* (Docket No. 9) without submitting to the jurisdiction of the Court. The Government moves for dismissal of the instant complaint, amongst others, for plaintiffs' failure to exhaust administrative proceedings pursuant to §2675 of the Federal Tort Claims Act, **a**

---

[2]   Wilson v. General Motors Corp., 888 F.2d 779, 781 (11th Cir. 1989)(Citations omitted); Harris Corp. v. Kolsman, Inc., 97 F.Supp.2d 1148, 1151 (M.D. Fla. 2000)(Citations omitted); Smith v. Atkinson, 24 F.Supp.2d 1266, 1267 (M.D. Ala. 1998)(Citations omitted); Brown v. Prudential Ins. Co. of America, 954 F.Supp. 1582, 1584 (S.D. Ga. 1997).

**jurisdictional requirement not subject to waiver**.

Therefore, the Court hereby **NOTES** probable jurisdiction under the Officers Removal Statute, 28 U.S.C. §1442(a)(1) under a cause of action under the FTCA, 28 U.S.C. §1346. (Docket No.1).   The defendants are **ORDERED** to serve copy of this Opinion and Order to the Commonwealth of Puerto Rico, Court of First Instance, Superior Court, Arecibo Part, on case no. CDP2004-0026(S-402).   Further, the State Court is **INFORMED** that the filing of a Notice of Removal together with proper notice to adverse parties and to the Clerk of the State Court will perfect the removal. After removal "the State court shall proceed no further unless and until the case is remanded". 28 U.S.C.A. §1446(d); Polyplastics Inc. v. Transconex Inc., 713 f.2d 875 (1st Cir. 1983). The removal of the claim automatically stays State proceedings. Therefore, post removal proceedings at the State Court are void. Polyplastics Inc. v. Transconex Inc., at 880.   Finally, the Clerk of the Court is **INSTRUCTED** to notify this Order, and copy of the Government's *Memorandum of Law in Support of Motion to Dismiss* (Docket No. 9) to the Pro Se Plaintiff's via Certified Mail and Return Receipt to the following address:

**Ivette Gabriel Rodriguez**
**Parcelas Loarte #116**
**Barceloneta, P.R.   00617**

**Further, the Court GRANTS the plaintiffs until the 15th day of August, 2005 to appear before this Court with a counsel dully admitted to this Bar.  Plaintiff is forewarned that failure to appear may signal to the Court lack of interest causing dismissal with prejudice.  Finally, shall the plaintiff fail to appear within the deadline provided, defendant shall move for dismissal forthwith.  Likewise, the Court GRANTS plaintiffs until the 31th day of August 2005 to submit its opposition to the Government's motion to dismiss for lack of administrative**

exhaustion under the FTCA.

ABSOLUTELY NO EXTENSIONS OF TIME SHALL BE GRANTED.
IT IS SO ORDERED.

In San Juan, Puerto Rico this 1ST day of August 2005.

S/DANIEL R. DOMINGUEZ
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE