**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**IVETTE MARIA GABRIEL-RODRIGUEZ
et al.
Plaintiffs**

**v.** **CIVIL NO. 05-1558 (DRD)**

**HOSPITAL DOCTOR'S CENTER DE MANATI
et al.
Defendants**

**OPINION AND ORDER**

Pending before the Court is the United States of America's *Motion to Dismiss* (Docket No. 9). Through said motion, defendants move the Court to dismiss the instant case stating that plaintiffs have failed to serve the United States as a party to the instant case and have also failed to exhaust administrative remedies as required under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2675(a). The United States is the proper party by virtue of the Federally Supported Health Centers Assistant Act (FSHCAA), 42 U.S.C. §233(g)-(n).[1] Although the parties have filed Motions in Opposition, Reply and Surreply, for the reasons stated herein, defendants' request to dismiss is considered unopposed as defendant merely once again challenged the removal to federal court without addressing the lack of FTCA jurisdiction, and therefore, the *Motion to Dismiss* is **GRANTED**.

**PROCEDURAL LANDSCAPE**

In the case at bar, plaintiffs originally filed a tort action against defendants in the state level Superior Court of Arecibo.[2] On May 26, 2005, the United States Attorney for the District of Puerto

---

[1] The Court notes that an Amended Complaint was filed within the Commonwealth of Puerto Rico, Court of First Instance, Arecibo Part, under Case No. CDP-2004-0026(402) naming Barceloneta Primary Health Care Services, Inc., d/b/a Atlantic Medical Center and Dr. Hector Velez-Barrientos as co-defendants in the instant complaint. Further, process service was served upon the defendants on September 14, 2004.

[2] On October 2003, Mrs. Luz Benita Rodriguez Aguilar, was taken to the Emergency Room of Hospital Doctor's Center in Manatí due to difficult breathing. Mrs. Rodriguez Aguilar was diagnosed with bronchitis and eventually released. Months later, in December 2003, she was taken to Hospital Alejandro Otero Lopez where she was diagnosed with a lung condition known as pulmonary fibrosis. She later died on the 28th of January of 2004. The

Rico ("the Government") filed a "*Notice of Removal*" (*Docket No. 1*) before the Court pursuant to 28 U.S.C. §§1441, 1442, 1443 and 1446.  Eventually, on June 26, 2005, the Court ordered the Government to show cause establishing that the undersigned had jurisdiction to retain the petition for removal and to show that the government's rights to remove the instant action had not been waived due to its apparent failure to file the petition for removal before the statutory term provided had elapsed. (*Docket No. 5*). Consequently, on June 30, 2005, the Government complied with such order stating: (i) that the petition for removal was filed within the thirty (30) days statutory term provided by 28 U.S.C. §1446(b), (ii) that this Court had exclusive jurisdiction to retain the instant tort action against the United States pursuant to 28 U.S.C. §1346, (iii) and that even notwithstanding any late removal facing plaintiffs had failed to timely oppose the petition for removal within the thirty (30) days term provided under 28 U.S.C. §1447(c). (*See Docket No. 7*).

On July 25, 2005, the Government filed the instant motion to dismiss (*Docket No. 9*) sustaining that plaintiffs had failed to: (i) serve the United States as a party to the instant case, and (ii) exhaust administrative remedies as required by the FTCA. Subsequently, in support of the latter argument, the Government filed a "*Motion Submitting Declaration in Support of Motion to Dismiss*"(*Docket No. 12*) wherein the Senior Attorney in the General Law Division of the Department of Health and Human Services ("DHHS") stated that plaintiffs had failed to file an administrative claim within the agency prior to the commencement of the present civil case.[3]

---

plaintiffs are the directly family related to the deceased.
     Almost a year later, on January 27, 2004, plaintiffs Ivette Maria Gabriel Rodriguez, Luz Gabriel Rodriguez and Rene Gabriel Ayala filed a medical malpractice claim in the Commonwealth of Puerto Rico, First Instance Court, Arecibo Part, Case No. CDP-2004-0026 (402), against Hospital Doctor's Center, Dr. Hector Velez Barrientos, and others, sustaining Mrs. Rodriguez Aguilar's death was caused by co-defendant Dr. Velez failure to act as a reasonably prudent man and for his failure to offer Mrs. Rodriguez Aguilar the required medical treatment.

    [3] The Declaration Under Penalty of Perjury pursuant to 28 U.S.C. §1746 was submitted by Mr. Richard G. Bergeron, Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (DHHS).  In its relevant parts the Mr. Bergeron's declaration provides that the records within the DHHS do not reflect that any of the individual plaintiffs or an authorized representative had filed an administrative

The Court's previous order, issued on August 2, 2005 (*Docket No. 10*), granted the removal of the instant case from the state level court and determined that according to the Federal Officers Removal Statute, 28 U.S.C. §1442(a)(1) and the relevant jurisprudence, federal jurisdiction had attached. Further, plaintiffs were ordered to appear with a counsel duly admitted to the Bar and to submit their opposition to the Government's motion to dismiss before August 31, 2005. (*Docket No. 10*). On September 1, 2005, one day after the Court's imposed deadline, plaintiffs filed a motion entitled *Opposition to Motion to Dismiss (Docket No. 13*). However, plaintiffs' motion failed to comply with the Court's order inasmuch as said pleading failed to provide any opposition to the lack of exhaustion claim in the Government's motion for dismissal. Plaintiff simply failed to address the issue of lack of exhaustion under the FTCA. Plaintiff merely once again attacked the removal procedure alleging untimeliness and again seeking a remand. As to the exhaustion argument, the motion remained absolutely silent.

It is known that "[P]ainting black lines on the sides of a horse and calling it a zebra does not make it one". U.S. v. Vazquez-Rivera, 135 F.3d 172, 177 (1st Cir. 1998). Similarly, the fact that plaintiffs have entitled their motion "Opposition to Motion to Dismiss" does not automatically convert it into the caption announced. Furthermore, the Court must focus on the **function of the motion, not its caption** to determine the applicable rule. *See* Perez v. Cucci, 932 F.2d 1058, 1061 n.10 (3rd Cir 1991). Therefore, since plaintiffs have failed to address the issue ordered, to wit, the dismissal requested by the Government, and the arguments within the motion challenge only the

---

tort claim relating to Barceloneta Primary Health Care Services, Inc., d/b/a Atlantic Medical Center and/or Dr. Hector Velez-Barrientos. The affidavit shows that Barceloneta Primary Health Care Services, Inc., d/b/a Atlantic Medical Center is a covered institution under the FTCA. (The latter is a conclusion of law not a statement of fact. The Court notwithstanding adopts the conclusion of law). Further, the declaration also states that records within the DHHS reveals that Barceloneta Primary Health Care Services, Inc., d/b/a Atlantic Medical Center was deemed eligible for FTCA malpractice coverage effective August 15, 2002, (one year prior to the operative facts alleged in the complaint)and that Dr. Velez-Barrientos was an employee of Barceloneta Primary Health Care Services, Inc., at all times relevant to plaintiffs' claims.

merits of the determination that federal jurisdiction had attached, the Court proceeds to treat plaintiff's motion as a request for reconsideration and to remand.

## LEGAL BACKGROUND

*A) Motion for Reconsideration*

This Court has recently stated in Villanueva-Mendez v. Nieves-Vazquez, 360 F.Supp.2d 320, 321-24 (D.P.R. 2005), that motions for reconsideration are generally considered either under Rule 59 or 60 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), depending on the time such a motion is served. Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir., 1993). If a motion is served within ten (10) days of the rendition of judgment, the motion will ordinarily fall under Rule 59(e). Id. If the motion is served after that time it falls under Rule 60(b). Id. Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate matters already litigated and decided by the Court. Standard Quimica de Venezuela v. Central Hispano International, Inc., 189 F.R.D.202, n.4 (D.P.R., 1999). These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law. *See* Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994) *citing* F.D.I.C. Ins. Co. v. World University, Inc. 978 F.2d 10, 16 (1st Cir., 1992); Cherena v. Coors Brewing Com. 20 F. Supp. 2d 282, 286 (D.P.R., 1998); *see also* National Metal Finishing Com. v. Barclaysamerica/Commercial, Inc., 899 F.2d 119, 124 (1st Cir. 1990). Hence, this vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier". Id at 123. *See* Santiago v. Cannon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998). *See also*, Waye v. First Citizen's National Bank, 846 F. Supp. 310, 314 n.3 (M.D.Pa., 1994) (a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to

reargue matters already properly prior thereto disposed).

With interlocutory orders, whether a motion for reconsideration has been timely filed or not rests solely on whether or not the motion was filed unreasonably late. Nieves-Luciano v. Hernández-Torres, 397 F.3d 1, 4 (1st Cir. 2005). McDowell Oil Service, Inc. v. Interstate Fire and Casualty Company, 817 F. Supp. 538, 543 (M.D Pa., 1993); Frito Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 389-90 (D.P.R., 1981); Atlantic States Legal Foundation v. Karg Bros., 841 F.Supp. at 55; McCarthy v. Manson, 714 F.2d 234, 237 (2nd Cir. 1983). The matter in this case is interlocutory in nature since no Judgment had been entered by the Court.

Finally, as a general rule, motions for reconsideration should only be exceptionally granted. As the Western District Court of Pennsylvania has wisely explained:

> [M]otions for reconsideration must be strictly reviewed for at least four reasons. First, it would tend to undercut the court's first decision and transform it into an advisory opinion, which is prohibited. Second, motions for reconsideration run counter to the operation of the Federal Rules of Civil Procedure, which provide all the necessary safeguards to promote fair decisions. Third, broad interpretation of motions for reconsideration is not supported by controlling precedent. And last but not least, reconsideration of dispositive decisions...hinders the court's ability to decide motions awaiting resolution that have yet to be reviewed once, let alone twice.

Williams v. City of Pittsburgh, 32 F.Supp. 2d 236, 238 (W.D. Penn. 1998).

At the outset, the Court notes that plaintiffs' motion failed to establish any foundation for the potential relief. Furthermore, during the thirty (30) day period elapsed from the Court's Order on August 2, 2005 until plaintiffs' motion on September 1, 2005, there were no significant circumstances or any other conditions which the Court may deem as just cause to reconsider its previous determination. Further, the absence of: (1) new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law, discourage the Court to grant the motion. *See* Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994).

*B) Motion to Dismiss for Lack of Subject Matter Jurisdiction*

Federal Courts are courts of limited jurisdiction. This Court has the responsibility "to police the border of federal jurisdiction". Spielman v. Genzyme Corp, 251 F3d 1 (1st Cir., 2001). Therefore, a party that seeks the jurisdiction of the Federal Courts, has the burden of demonstrating its existence. Murphy v. United States, 45 F.3d 520,522 (1st Cir. 1995). When deciding a Motion to Dismiss, the Court must accept as true all well-pleaded factual claims and indulge all reasonable inferences in plaintiff's favor. Viqueira v. First Bank 140 F.3d 12, 16 (1st Cir, 1998). To resolve factual disputes bearing upon the existence of jurisdiction, a court may review the evidence including affidavits and depositions. Once a defendant files a motion contesting the Court's subject matter jurisdiction, pursuant to Federal Rule 12(b)(1), it is plaintiff's burden to establish that the Court has jurisdiction.

In the instant case, an examination of plaintiffs' claims reveals that a colorable federal claim was not asserted within the body of the complaint. Furthermore, federal jurisdiction did not attach until plaintiffs filed an Amended Complaint wherein Barceloneta Primary Health Care Services, Inc., d/b/a Atlantic Medical Center and Dr. Hector Velez-Barrientos were named as co-defendants, and as previously stated, the United States became the real party in interest because said facilities are covered under federal law, FSHCAA, for medical malpractice claims under the FTCA.[4] However, the gist of the Government's request for dismissal lays precisely in plaintiffs' failure to exhaust the administrative remedies prior to file the initial complaint. This is the *sine quanon* requisite in order to proceed in a civil suit against the United States for money damages for personal injury or death caused by the negligent or wrongful act or omission of a government's employee acting in a federal

[4] *See* letter issued on August 9, 2002, by the Department of Health & Human Services, Bureau of Primary Care, wherein Barceloneta Primary Health Services, Inc, d/b/a Atlantic Medical Center is deemed as an employee of the Federal Government under the Federally Supported Health Centers Assistance Act of 1995 and liability protection is provided to said entity under the FTCA. (Docket No. 1, Ex. 1).

facility while acting within the scope of his office or employment. 28 U.S.C. §2675(a).

Consequently, the Government moved for dismissal as plaintiffs allegedly failed to follow the required procedure provided by statute. Plaintiffs had the burden to evidence that the administrative remedies were duly exhausted prior to commence the instant civil action. Instead, plaintiffs opted to bring forth other prior matters reiterating previously adjudicated issues: the fact that the United States had failed to show that it was the proper party defendant and that said ruling of law belonged to the local state court; that since the United States was not the proper party to the complaint (without providing the Court any factual backing to contravert the affidavit provided by the United States), it was precluded from filing a petition for removal; that there were issues of fact precluding the Court from determining whether co-defendant Dr. Velez-Barrientos was covered by the protection afforded by the FTCA (again without providing the Court any factual support); and that the notice of removal had been untimely filed.

The arguments posed by plaintiffs failed to establish the lack of jurisdiction of the Court. Likewise, the averments made by plaintiffs obviate the crux of the petition for dismissal which alleges that the necessary administrative procedures had not been properly exhausted. Hence, the final result is obvious, in absence of a showing that the required administrative proceedings were exhausted, the defendants' motion to dismiss must be granted since a sworn statement established coverage as to defendants under FTCA and verified lack of FTCA exhaustion. McNeil v. United States, 508 U.S. 106, 112 (1993); Santiago-Ramirez v. Secretary of the Department of Defense, 984 F.2d 16, 16 (1st Cir. 1993); 28 U.S.C. §2675(a).

**LEGAL ANALYSIS**

*A) Motion for Remand*

We now turn to plaintiffs' request to move the Court to remand the instant case to the First

Instance Court of the Commonwealth of Puerto Rico, Superior Court of Arecibo. The Federal Removal Statue, 28 U.S.C. §1447(c) provides that a motion to remand the case on the basis of any defect **other than lack of subject matter jurisdiction** must be made **within thirty (30) days** after the filing of the notice of removal. In other words, only if the Court lack subject matter jurisdiction, such as failure to establish diversity of citizenship and/or the absence of a claim pursuant to a federal statute, may the plaintiff object to removal after the thirty (30) day limit. *See* Ragas v. Tennessee Gas Pipeline, Co., 136 F.3d 455, 457-58 (5th Cir. 1998). Any other objection based on a "defect in removal procedure" must be made within thirty (30) days of the petition for removal. Armistead v. C&M Transport, Inc., 49 F.3d 43, 46-47 (1st Cir. 1995); *see also* Mills v. Harmon Law Offices, P.C., 344 F.3d 42, 45 (1st Cir. 2003). Finally, the Supreme Court has stated in various occasions that a motion to remand must be filed no later than thirty (30) days after the filing of the removal notice. *See* Wisconsin Department of Corrections v. Schacht, 542 U.S. 381, 392 (1998); Caterpillar, Inc. v. Lewis, 519 U.S. 61, 69 (1996). In the instant case the Court's jurisdiction under FSHCAA remains unrebutted as to the corporate medical facilities that provided the allegedly defective medical services (Barceloneta Primary Health Services, Inc., is considered a federal entity) and as to the individual physician who is **considered** an officer of the federal government under the FTCA. 28 U.S.C. §2671. The Courts's federal officers jurisdiction is therefore pellucidly clear.

In the case at bar, the notice of removal was filed by the Government on May 26, 2005. Accordingly, since the defect was not lack of subject matter jurisdiction but rather a procedural defect, plaintiffs had thirty (30) days from that date, that is until June 25, 2005, to timely move for remand. Armistead v. C&M Transport, Inc., 49 F.3d at 46-47. Evidently, plaintiffs failed to comply with the time requirement in order to timely oppose the petition for removal filed by the Government since the opposition was not filed until September 1, 2005 through a motion titled

"Opposition to Motion to Dismiss" wherein, as stated previously, plaintiffs simply moved the Court to "remand this case to the Superior Court of Arecibo"(*Docket No. 13, p. 5*) without providing any legal foundation addressed to avoid the dismissal of their claim.

*B) Lack of FTCA Exhaustion*

______In administrative-law parlance, a claimant who has failed to receive a final decision from the pertinent administrative agency, may not obtain judicial review should plaintiff have failed to exhaust administrative remedies. Sims v. Apfel, 530 U.S. 103, 106-107 (2000); *see also* Weinberger v. Salfi, 422 U.S. 749, 765-766 (1975). In order to obtain a final decision from the Secretary a claimant is required to exhaust his administrative remedies by proceeding through all stages of the administrative process. Bowen v. City of New York, 476 U.S. 467, 482 (1986). Only a claimant who proceeds through all stages receives a final decision from the Secretary. Id.

In the instant case, plaintiff have failed to put their best foot forward evidencing that they in fact exhausted the necessary administrative remedies before the agency prior to proceed with a judicial claim as required by the FTCA, 28 U.S.C. §2675(a).[5] It is widely known that the filing of the administrative claim is a **non-waivable jurisdictional requirement** which if not presented before commencing suit, the suit must be dismissed. See McNeil v. United States, 508 U.S. 106, 112 n.7 (1993). Plaintiff's failure deprives the Court jurisdiction over tort claims against the United States. Richman v. United States. 709 F.2d 122, 124 (1st Cir. 1983).

[5] 28 U.S.C. §2675(a): "an action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. ... "

**CONCLUSION**

For the reasons stated herein, the Court hereby **GRANTS** defendant's *Motion to Dismiss* (Docket No. 9) therefore, the Court hereby **DISMISSES** plaintiffs' claims against the Government **WITHOUT PREJUDICE**. Plaintiffs may resubmit their civil complaint once the administrative proceedings are exhausted, if not now time barred, as required under the Federal Tort Claims Act, 28 U.S.C. §2675 *et seq.* **Judgment** shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 21st day of December 2005.

**S/DANIEL R. DOMINGUEZ**
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**